# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **MR. ZAIN NABAWI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 5:19-00693 |
| ) | |
| **WARDEN D.L. YOUNG,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant Young's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 22), filed on August 3, 2020. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant Young's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 24.) On August 24, 2020 and September 17, 2020, Plaintiff filed his Responses in Opposition. (Document Nos. 27 and 32.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant Young's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 22) should be granted.

## PROCEDURAL HISTORY

On September 23, 2019, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees or Costs and a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,

403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) D.L. Young, Warden of FCI Beckley; (2) Keith Rose, Physician Assistant; and (3) "All present staff in kitchen at time of incident." (Document No. 2.) Plaintiff alleges that he received a severe injury to his hand while working in the kitchen at FCI Beckley due to negligence of staff. (Id., pp. 4 - 5.) Plaintiff further states that Defendants provided inadequate medical treatment for his injury. (Id.) Specifically, Plaintiff states as follows:

> On 11/5/18 at 12:45, I was working in Food Services, Bakery Section. While mixing and preparing hamburger meat, turkey, bread, onions, and peppers, the mixing bowl suddenly flew off due to the track not being properly assembled by staff. I then heard a loud noise and saw my hand was severely severed. Also, on the medical deliberate indifference, the lack of medical treatment which caused me to suffer a lengthy period of time by the FCI Beckley Health Services Department while receiving intravenous antibiotics to a serious injury that required surgery at a local hospital. The IV antibiotics were being given to me in what is commonly known as a "pic line." Unfortunately, on the day in question, my "pic line" was being changed by Physician Assistant (Keith) Rose, the "pic line" was damaged by P.A. Rose. This error obviously caused a worsening of the distribution of antibiotics into my body and my overall post-surgical condition.

(Id.) As relief, Plaintiff requests monetary damages and injunctive relief. (Id.)

By Order entered on March 16, 2016, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 9.) The Clerk issued process the same day for Defendants Young and Rose.[2] (Document No. 10.) By Order entered on June 10, 2020, the undersigned notified Plaintiff that the docket sheet revealed

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff was **NOTIFIED** that service of process could not be effectuated on "All present staff in kitchen at time of incident" or on "John Doe" or "Jane Doe" defendants. The Court further notified Plaintiff that that it was Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused him injury. (Document No. 9.)

that the Summons for Defendant Rose has been returned unexecuted. (Document No. 11.) Therefore, the undersigned directed Plaintiff to provide the Court with an updated address for Defendant Rose by July 13, 2020.[3] (Id.)

On August 3, 2020, Defendant Young filed his "Motion to Dismiss, or in the Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 22 and 23.) Defendant Young argues that Plaintiff's claims should be dismissed based upon the following: (1) There is a "lack of personal involvement" by Defendant Young (Document No. 23, p. 6.); and (2) "Defendant Young is entitled to qualified immunity" (Id., pp. 7 -8.) As Exhibits, Defendant Young attaches the following: (1) The Declaration of Destiny Spearen (Document No. 22-1, p. 1.); (2) A copy of Plaintiff's Public Information Inmate Data (Id., pp. 2 – 5.); and (3) A copy of Plaintiff's medical records from 2018 to 2020 (Id., pp. 6 – 306.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 4, 2020, advising him of the right to file a response to Defendant Young's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgement." (Document No. 24.) Following the granting of an extension of time, Plaintiff filed his Responses in Opposition on August 24, 2020, and September 17, 2020. (Document Nos. 27 and 32.) Within his Responses in Opposition, Plaintiff requests permission to amend his Compliant to add additional defendants. (Document No. 27, pp. 10 – 11 and Document No. 32, p. 7.) In his original Complaint, Plaintiff named as a defendant "("All Present Staff in Kitchen at Time of Incident." (Id.) The undersigned advised Plaintiff that service of process could not be effectuated on "All Present Staff in Kitchen at Time of Incident," and it was Plaintiff's responsibility to ascertain the identities and addresses

---

[3] Plaintiff has not provided an updated address for Defendant Rose. Thus, Defendant Rose has not been served with process.

3

of those individuals whom Plaintiff believes caused him injury. (Document No. 9, p. 1, fn. 1.) Thus, it appears Plaintiff wishes to identify previously unknown defendants. By separate Order entered this day, the undersigned as granted Plaintiff's Motion to Amend.

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

### Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's

claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents

5

acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[4] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Plaintiff names Defendant Young, Warden of FCI Beckley, as a Defendant. (Document No. 2.) Plaintiff appears to contend that Defendant Young violated his constitutional rights by failing to ensure that Plaintiff received proper medical treatment following an injury Plaintiff

---

[4] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

received while working in the prison kitchen. (Id.) Plaintiff, however, fails to set forth any specific factual allegations against Defendant Young. (Id.)

In his Motion, Defendant Young contends that Plaintiff's Bivens claim against him is improperly raised based upon supervisory liability. (Document No. 22 and Document No. 23, p. 6.) Specifically, Defendant Young argues that Plaintiff has not established the requisite personal or supervisory involvement necessary to support Bivens liability. (Document No. 23, p. 6.) Defendant Young asserts that "Plaintiff alleges no specific acts by Defendant Young and has seemingly only named Defendant Young because of his position as Warden." (Id.) Defendant Young notes that he is "only mentioned in Plaintiff's demand for relief, which states 'I am seeking relief . . . that the Warden takes more better (sic) cautions and care during the hiring process as he is responsible for maintaining a safe and harmless environment for staff and inmates as well.'" (Id.) Defendant Young argues that Plaintiff's allegations cannot support a Bivens claim "[w]ithout a showing of personal involvement by an individual defendant." (Id.)

In Response, Plaintiff argues "in the service of his institutional job working in the kitchen, his hand was smashed and mangled while using a piece of equipment that the defendants exert ownership over and are responsible for maintaining, repairing, and securing, and replacing." (Document Nos. 27 and 32.) Plaintiff states that "due to an ineffective or non-existent standards of accountability or review, the defendant is allowing his kitchen supervisor to utilize unregulated, unmaintained and faulty equipment operated by people like Plaintiff." (Id.) Plaintiff further complains that he was denied appropriate medical care and physical therapy following the injury to his hand. (Id.) Plaintiff states that medical staff failed to provide Plaintiff with appropriate medical treatment due to "lockdowns" and the "lockdowns" were ordered by Defendant Young. (Id.) Plaintiff states that "Warden Young is thereby intrinsically enjoined to this action based on

7

his personal actions which compromised the Plaintiff's care and based on his maintenance of a culture of irresponsibility, inconsistency, and lack of accountability." (Id.) Plaintiff continues to argue that "the responsibility and the liability of this incident lays precariously on the Warden." (Id.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 129 S.Ct. at 1948("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Also see Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability, however, may attach to a supervisory official if "conduct directly causing the deprivation was done to effectuate an official policy or custom for which [the official] could be liable." Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by* County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Further, supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Thus, the inquiry for the Court is whether the Defendant individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

Defendant Young argues that Plaintiff has failed to demonstrate specifically how he was personally involved in violating any of Plaintiff's constitutional rights. Essentially, Plaintiff alleges that Defendant Young violated his constitutional rights with respect to his failure to

supervise employees. The record, however, is void of any allegation or indication of any personal involvement by Defendant Young. In order to succeed on a medical claim against non-medical personnel, plaintiff must establish that non-medical personnel were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's conduct. Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D.Va. 1996). Non-medical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Born, 896 F.2d 848, 854 - 55 (4th Cir. 1990). In the instant case, there is no evidence that Defendant Young was personally involved in a denial of treatment to Plaintiff, deliberately interfered with Plaintiff's treatment, or tacitly authorized the prison physicians' conduct. Although Plaintiff contends that "lockdowns" ordered by Warden Young caused medical staff to fail to provided Plaintiff with appropriate care, there is no indication that Warden Young improperly ordered "lockdowns" for the purpose of interfering with Plaintiff's medical care. Accordingly, Plaintiff has improperly raised his claim against Defendant Young under the doctrine of *respondeat superior* and has failed to establish supervisory liability. The Court therefore finds that Defendant Young's "Motion to Dismiss, or in the Alternative Motion for Summary Judgment" should be granted.[5] The undersigned finds it unnecessary to consider the other reasons which the

---

[5] In screening Plaintiff's Complaint, the undersigned specifically determined that Plaintiff was seeking relief for negligent acts pursuant to the FTCA and for alleged violations of his constitutional rights pursuant to *Bivens*. (Document No. 9.) Defendant Young, however, only addresses Plaintiff's *Bivens* claim. The Court, however, **FINDS** that Defendant Young is improperly named as a defendant for purposes of a FTCA claim. The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Federal inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 21-23, 100 S.Ct. 1468, 1472-74, 64

Defendant Young has submitted for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court District Court **GRANT** Defendant Young's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 22), and **REFER** the matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

---

L.Ed.2d 15 (1980). To the extent Plaintiff wishes to pursue an FTCA claim based upon Defendant Young's alleged negligent conduct, such a claim must be asserted against the United States.

Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

    Date: December 17, 2020.

Omar J. Aboulhosn
United States Magistrate Judge