UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MR. ZAIN Z. NABAWI,

    Plaintiff,

v.                                                                                CIVIL ACTION NO. 5:19-cv-00693

WARDEN D.L. YOUNG, *FCI Beckley*;
MEDICAL NURSE ROSE; ALL PRESENT
STAFF IN KITCHEN AT TIME
OF INCIDENT; OFFICER DUNCAN, *Food
Services Employee*; OFFICER LESTER,
*Food Services Employee*; OFFICER HEAD,
*Food Services Employee*; FOOD
ADMINISTRATOR TIBERIO; N. THOMAS;
BRANDON FAIN; and P. BOULET,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed September 24, 2021. [Doc. 79].

**I.**

On November 5, 2018, Plaintiff Zain Nabawi, a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Beckley, was transported via ambulance to Raleigh General Hospital after receiving a severe injury to his hand while working in the kitchen at FCI Beckley. [Doc. 52 at 4]. Mr. Nabawi alleged that he was using a mixing bowl to fix the evening meal when the mixing bowl "flew off the track[,] cutting [his] hand in two." [Doc. 53 at 1]. Mr. Nabawi underwent surgery to repair injuries to his hand and thumb. [Doc. 22-1 at 180]. On or about November 10, 2018, Mr. Nabawi was discharged from Raleigh General Hospital on IV

antibiotics and with wound care instructions. [*Id.* at 181]. Mr. Nabawi continued to receive care at FCI Beckley after his discharge from Raleigh General Hospital. [*See generally* Doc. 22-1].

On November 22, 2018, Mr. Nabawi was evaluated by medical staff at FCI Beckley Health Services. [Doc. 23 at 3]. Blood was observed to be returning from the PICC line tubing; thus the PICC line could no longer be used to deliver antibiotics. [*Id.*]. Mr. Nabawi was subsequently sent to Raleigh General Hospital and evaluated by orthopedics and infectious disease. [*Id.*]. The physicians at Raleigh General recommended removal of the malfunctioning PICC line, and Mr. Nabawi began receiving his antibiotics orally. [*Id.*]. On November 24, 2018, Mr. Nabawi returned to FCI Beckley without further complication. [*Id.*].

On September 23, 2019, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees or Costs and a Complaint seeking relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Docs. 1, 2]. Specifically, Mr. Nabawi alleges that Defendants provided inadequate medical treatment. [Doc. 22-1]. Mr. Nabawi requests monetary damages and injunctive relief. [Doc. 2 at 5].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on April 21, 2022. [Doc. 90]. Magistrate Judge Aboulhosn recommended that the Court (1) grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgement, (2) deny Plaintiff's Motion Requesting Leave to Amend and Stay Summary Judgment, (3) dismiss without prejudice Plaintiff's Complaint against Defendant Lester for lack of service, and (4) remove this matter from the Court's docket. Mr.

Nabawi filed a Motion Requesting for Extension of Time to file Objections to Magistrate Judge Aboulhosn's PF&R [Doc. 91], which was granted [Doc. 94]. Mr. Nabawi filed objections on June 8, 2022. [Doc. 95].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

## III.

### A.  *Objection One*

Mr. Nabawi objects to Magistrate Judge Aboulhosn denying his motion for appointment of counsel. Mr. Nabawi cites *Whisenant v. Yuam*, 39 F.2d 160 (4th Cir. 1984), in support, which held that under 28 U.S.C. § 1915(d) (now amended and renumbered as 28 U.S.C.A. § 1915(e)(1)), counsel should have been appointed for an inmate with little education and no legal

3

education. [Doc. 95 at 2]. Mr. Nabawi asserted that he has no legal education and no ability to investigate the facts of his claim, such as engaging in discovery and depositions of prison officials. [Doc. 95 at 1].

There is no constitutional right to appointment of counsel in civil cases. Appointment of counsel for indigent plaintiffs bringing a *Bivens* action is required only when exceptional circumstances or complex issues are present and the plaintiff's ability to present the case is questionable. *See Gordon v. Leek*, 574 F.2d 1147, 1153 (4th Cir. 1978); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A district court's refusal to appoint counsel for an indigent inmate may be an abuse of discretion when "'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Alexander v. Parks*, 834 Fed. App'x 778, 782 (4th Cir. 2020) (citing *Whisenant*, 739 F.2d at 163).

In deciding whether to grant Mr. Nabawi's request for counsel, Magistrate Judge Aboulhosn considered the following factors: (1) whether the plaintiff has presented a colorable claim; (2) the nature and complexity of the factual and legal issues; (3) the plaintiff's capability to present his own case; (4) the degree of factual investigation involved and the plaintiff's ability to investigate adequately crucial facts related to his claims; (5) the extent to which the case is likely to hinge on credibility determinations; and (6) whether expert testimony must be presented. *See United States v. $27,000.00, More or Less in U.S. Currency*, 865 F. Supp. 339, 340–41 (S.D. W. Va. 1994); *McNeil v. Lowney*, 831 F.2d 1368, 1371–72 (7th Cir. 1987), *cert. denied*, 485 U.S. 965 (1998); *Maclin v. Freake*, 650 F.2d 885, 887–89 (7th Cir. 1981), *abrogated by Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005); *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir.), *cert. denied*, 510 U.S. 1196 (1993).

In *Cook v. Bounds*, our Court of Appeals held the appointment of counsel for civil

litigants should be allowed only in exceptional cases. 518 F.2d 779, 780 (4th Cir. 1975). There is no articulated set of factors in our Circuit for use in evaluating whether counsel should be appointed for a civil litigant. The factors used by Magistrate Judge Aboulhosn are primarily composed of factors from other circuits.

Liberally construed, Mr. Nabawi's motion shows that his claim is colorable. Nevertheless, it appears that Mr. Nabawi has the capacity to present this claim. To date, Mr. Nabawi has shown that he can communicate with the Court and manage his case. Further, Mr. Nabawi has filed multiple motions related to his claim. While Mr. Nabawi contends he cannot conduct discovery because he is in prison and needs counsel to depose prison officials [Doc. 95 at 2], these circumstances alone do not satisfy the "exceptional" standard necessary to justify the appointment of counsel. *See Lind v. Ballard*, No. 2:14-cv-26284, 2022 WL 987935, at *3 (S.D. W. Va. Mar. 31, 2022); *Louis v. Martinez*, No. 5:08CV151, 2010 WL 1484302, at *1 (N.D. W. Va. Apr. 2, 2010). Thus, the Court **OVERRULES** Mr. Nabawi's objection.

### B. *Objection Two*

Mr. Nabawi next objects to Magistrate Judge Aboulhosn's finding that he could not establish a claim of deliberate indifference. Mr. Nabawi alleges that he has a colorable claim under the Eighth Amendment for the deliberate indifference of the Defendants to his safety. [Doc. 95 at 2].

Once incarcerated, inmates "may be deprived of rights that are fundamental to liberty." *Brown v. Plata*, 563 U.S. 493, 510 (2011). However, they "retain the essence of human dignity inherent in all persons," including the right to be free from the cruel and unusual punishment proscribed by the Eighth Amendment to the United States Constitution. *Id.* The Supreme Court has construed "cruel and unusual punishment" to include the "unnecessary and

wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Court has also established that "deliberate indifference to the serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (stating that the issue of whether deliberate indifference to serious medical needs is a violation of the Eighth Amendment "is beyond debate"); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Therefore, under the Eighth Amendment, inmates are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *see Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). Prisons who fail to provide inmates with these entitlements "[are] incompatible with the concept of human dignity and [have] no place in civilized society." *Brown*, 563 U.S. at 511.

To establish an Eighth Amendment claim for failure to provide adequate medical care, "an inmate litigant must, after exhausting all administrative remedies, demonstrate deliberate indifference to a serious medical need." *Estelle,* 429 U.S. at 104; *see Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991); *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). To succeed on this type of claim, the inmate is required to prove both an objective component and a subjective component. *Gordon*, 937 F.3d at 356. "That is, the plaintiff must demonstrate that the defendant prison official acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." *Id.*; *see Scinto*, 841 F.3d at 225 (holding that "[p]risoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in *Farmer v. Brennan*").

6

To prove a prison official acted with deliberate indifference, a plaintiff must establish that the official "[knew] of and disregard[ed] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Thorpe v. Clarke*, 37 F.4th 926, 933 (4th Cir. 2022); *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (citation omitted) (finding that "deliberate indifference requires that the official have 'had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction'"); *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "Deliberate indifference is 'more than mere negligence,' but 'less than acts of omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'" *Scinto*, 841 F.3d at 225 (quoting *Farmer*, 511 U.S. at 837); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)) (holding that deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness"). This standard can be satisfied by "prov[ing] by circumstantial evidence that the risk was so obvious that it had to have been known." *Makdessi v. Fields*, 789 F.3d 126, 136 (4th Cir. 2015).

### 1. Medical Attention

Mr. Nabawi alleges that Defendants acted with deliberate indifference in failing to take timely action when Mr. Nabawi's PICC line was damaged. [Docs. 52, 53]. Assuming the PICC line leak put Mr. Nabawi at a substantial risk of serious harm as he alleges, he has failed to show that Defendants knew of and disregarded an excessive risk to Mr. Nabawi's health and safety. Rather, the facts suggest that the opposite is true. Mr. Nabawi's medical records indicate that upon being made aware of the PICC line leak on November 20, 2018, Defendant Rose immediately notified Mr. Nabawi's doctor and was told that Mr. Nabawi would be evaluated the following

7

morning. Whether this evaluation was conducted is unclear from the record. However, on November 22, 2018, Mr. Nabawi was taken to the hospital to have the PICC line replaced and for further medical care. [Doc. 22-1].

Although Mr. Nabawi believes his leaking PICC line required more immediate treatment, that alone cannot support a finding of deliberate indifference on the part of prison staff. "Once prison officials are aware of a serious medical need, they only need to 'respond[] reasonably to the risk." *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021) (quoting *Farmer*, 511 U.S. at 844). An inmate's disagreement with his medical care or the course of treatment for an objectively serious medical injury generally does not constitute a sufficient basis for a constitutional claim. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding that disagreements between an inmate and physician over the inmate's medical care do not state a §1983 claim unless there are exceptional circumstances); *Jackson*, 775 F.3d at 178 (stating that "[the Fourth Circuit] consistently [has] found . . . disagreements [over proper medical care] to fall short of showing deliberate indifference"); *Scinto*, 841 F.3d at 225–26. Rather, "[t]o find the prison officials liable, the treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Hixson*, 1 F.4th at 303 (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)). There is nothing in the record to suggest that the medical care provided to Mr. Nabawi was so deficient as to shock the conscience or to be intolerable to fundamental fairness. The record, rather, shows that Mr. Nabawi received continuous and attentive medical attention from the Defendants. [*See* Doc. 53-3].

### 2. FCI Beckley Kitchen Conditions

Mr. Nabawi also alleges that Defendants acted with deliberate indifference to his health and safety by allowing a broken mixing bowl to remain in the kitchen. [Doc. 95 at 3]. Mr.

Nabawi alleges that the Defendants refused to repair or replace the broken mixer in a timely manner, thereby putting him in danger. [Doc. 65 at 4].

Mr. Nabawi has presented no evidence that the Defendants refused to repair or replace the broken mixer in a timely manner. Without more, and applying the aforementioned standards above, the Court cannot determine that the Defendants acted with deliberate indifference to Mr. Nabawi's health and safety.

For those reasons, Mr. Nabawi cannot show deliberate indifference by the Defendants. Accordingly, the Court **OVERRULES** the objection.

C.  *Objection Three*

Finally, Mr. Nabawi objects to Magistrate Judge Aboulhosn's recommendation that Mr. Nabawi's Motion Requesting Leave to Amend and Stay Summary Judgment be denied. [Doc. 95 at 5]. Mr. Nabawi requests that this Court allow him to seek summary judgment. [*Id.*].

Mr. Nabawi did not articulate any basis for his objection to Magistrate Judge Aboulhosn's recommendation that Mr. Nabawi's Motion Requesting Leave to Amend and Stay Summary Judgment be denied. Magistrate Judge Aboulhosn's has allowed Mr. Nabawi to file an Amended Complaint and granted Mr. Nabawi two extensions of time concerning the filing of the Amended Complaint. [Docs. 2, 36, 44, 48, 52]. Mr. Nabawi now wishes to again amend his complaint to include a supervisory liability claim against Warden D.L. Young, who was previously dismissed from the case after filing a Motion to Dismiss [Doc. 50].[1]

---

[1] It appears that while Warden D.L. Young is still listed as an active defendant on the docket, he is no longer a defendant in the case. [*See* Doc. 55 at 2 (In an order issued by the Magistrate Judge, the Magistrate Judge explained that "[s]ervice of process will not be issued as to Warden Young as this Court granted his 'Motion to Dismiss, or in the Alternative, Motion for Summary Judgment' on March 29, 2021. (Document No. 50.).")].

*Federal Rule of Civil Procedure* 15(a)'s directive to grant leave to amend freely is "not simply a suggestion, but rather a 'mandate to be heeded.'" *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 Fed. App'x 256, 267 (4th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," which the Fourth Circuit has interpreted as providing that "leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182) (emphasis added); *see also Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (holding that a motion for leave to amend "should generally be granted in light of 'this Circuit's policy to liberally allow amendment'" (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010))); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).

"A court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427). "Either before or after a judgment is entered, a district court should deny amendment only where there is prejudice, bad faith, or futility." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, No. 21-1290, 2022 WL 2838813, at *8 (4th Cir. July 21, 2022). "But . . . courts will reasonably deny a higher number . . . of post-judgment motions to amend . . . . [P]rejudice will naturally be much easier to show and bad faith will seem more plausible the more time has passed between a first attempt and a proposed amendment." *Id.*

In determining whether an amendment is prejudicial to a defendant, both "the nature of the amendment and its timing" are considered. *Laber*, 438 F.3d at 427. The Court should

"look to the 'particular circumstances' presented, including previous opportunities to amend and the reason for the amendment." *Adbul-Mumit*, 896 F.3d at 293 (citing *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013)). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party . . . where the amendment is offered shortly before or during trial.'" *Id.* (citing *Johnson*, 785 F.2d at 510). "Delay alone, however, is an insufficient reason to deny [a] plaintiff's motion to amend." *Id.* (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980) (holding that when a "defendant [is] from the outset made fully aware of the events giving rise to the action, an allowance of [an] amendment [can] not in any way prejudice the preparation of defendant's case.")). Additionally, when the merits of a proposed new cause of action are "substantially similar" to the merits of the initial cause of action, and most of the facts to be analyzed are the same for both claims, the court will favor allowing the amendment to the complaint. *Johnson*, 785 F.2d at 510. However, the Fourth Circuit has noted that the "repeated failure to cure a deficiency by amendments previously allowed" can constitute an improper motive favoring the denial of a motion to amend. *Harless*, 389 F.3d at 447.

Futility should only defeat a motion to amend when the proposed amendment is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613). "[C]onjecture about the merits of the litigation" should not affect the court's consideration of the motion to amend "[u]nless [the] proposed amendment may clearly be seen to be futile because of substantive or procedural considerations." *Davis*, 615 F.2d at 613. In *Devil's Advocate*, the district court determined that "leave to amend would be futile, because [Appellants'] proposed amendments to the Complaint add no new facts that would allow [their] claims to survive a motion to dismiss." *Devil's Advocate, LLC*, 666 Fed. App'x at 267.

Applying the *Johnson* factors, the Court finds the claims against Warden Young in the proposed Amended Complaint to be futile, as his amendments would add no new facts sufficient to allow the claims to survive a motion to dismiss. *Id.* The Fourth Circuit has held, regarding supervisory liability in the Eighth Amendment context, as follows:

> At times, "supervisory officials may be held liable . . . for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). But that liability "is not premised upon *respondeat superior* but upon a 'recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict.'" *Id*. (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)). Supervisors are "obligated, when on notice of a subordinate's tendency to act outside the law, to take steps to prevent such activity. . . Accordingly, a § 1983 plaintiff must show more than mere supervision. The supervisor's own response to the knowledge of a risk of constitutional injury must be "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices." *Randall v. Prince George's County, Maryland*, 302 F.3d 188, 203 (4th Cir. 2002) (quoting *Shaw*, 13 F.3d at 799). And ordinarily, the plaintiff "cannot satisfy [this] burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate . . . acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Slakan*, 737 F.2d at 373.

*Campbell v. Florian*, 972 F.3d 385, 398 (4th Cir. 2020).

Here, Mr. Nabawi has failed to satisfy this burden of proof. He claims that "D.L. Young is responsible for training Crook, Treadway and Turns facilities staff to respond timely to work orders for the broken kitchen equipment" and that Warden Young was "supposed to [have] . . . a monthly inspection of the kitchen equipment." [Doc. 89 at 3–4]. However, Mr. Nabawi fails to provide any specific instances to prove that Warden Young's conduct was more than "mere supervision." *Id.*

Warden Young was dismissed by motion in this Court on March 29, 2021, almost one-and-a-half years ago. [Doc. 50]. Although "[d]elay alone is not enough to deny leave to amend . . . it is often evidence that goes to prove bad faith and prejudice." *United States ex rel. Nicholson*,

2022 WL 2838813, at *20. The allowance of additional claims against Warden Young after Mr. Nabawi had ample opportunity to previously assert such claims is not warranted, especially when such claims appear futile and would likely prejudice Warden Young. Accordingly, the Court **OVERRULES** Mr. Nabawi's final objection.

### IV.

For the reasons discussed above, the Court **OVERRULES** the Objections [**Doc. 95**], **ADOPTS** the PF&R [**Doc. 90**], **GRANTS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 79**], **DENIES** Plaintiff's Motion Requesting Leave to Amend and Stay Summary Judgment [**Doc. 89**], and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint against Defendant Lester for lack of service [**Doc. 52**].

The Clerk is directed to transmit a copy of this written opinion and order to counsel or record and any unrepresented party.

ENTER: August 18, 2022

Frank W. Volk
United States District Judge

13